## Smith v. Donahue

*Joseph C. Murray, Jeffrey A. Brodkin,* for plaintiffs.

*Louis Isaachson, Robert Caplan,* for P.E. Donahue Trucking Co.

*Michael Coren, John Baldante,* for defendant Liedtka Trucking Inc.

*Mark R. Bosniak,* for defendant William Jackson Trucking Inc.

*Susan Antonelli,* for defendant Commonwealth of Pennsylvania.

*Glen Equi, Edward Gallagher,* for defendant Gunn Estate.

*Joseph Erwin,* for defendant Bernard Jackson.

*Robert Corbin, Gerald Montella,* for defendant Pro Con Environmental and Pro Construction Corp.

*Rees Griffiths,* for defendant Lincoln General Insurance Co.

BATTLE, *J.,* March 11, 1991—The plaintiffs, in this consolidated matter, have filed actions in the

Court of Common Pleas of Delaware County in regard to claims arising out of an automobile accident that occurred on December 15, 1989. Certain defendants had a policy of insurance with Lincoln General Insurance Company. Lincoln General filed an declaratory action against certain defendants herein in the Court of Common Pleas of Lancaster County. The purpose of the Lancaster County action was to obtain a court declaration as to whether a policy of insurance issued by Lincoln General provides coverage to certain of the defendants for the claims against them in Delaware County as the result of the automobile accident. Upon a motion filed by the Delaware County plaintiffs, this court entered an order dated December 18, 1991, which transferred the Lancaster County declaratory action to the Court of Common Pleas of Delaware County and coordinated said action with the actions in Delaware County pursuant to Pa.R.C.P. 213.1. Lincoln General has appealed said order dated December 18, 1991, thus necessitating this opinion.

Pennsylvania Rule of Civil Procedure 213.1 is an innovative rule for the coordination of actions in different counties throughout the Commonwealth of Pennsylvania. Rule 213.1 provides that any party may file a motion to order the coordination of actions pending in different counties which involve a common question of law or fact which have arisen from the same transaction or occurrence. The rule provides that the court in which a complaint was first filed may order the transfer and coordination of any actions which are pending. In determining whether to order coordination and in determining what location is most appropriate for the coordinated proceedings, the following matters are to be considered:

(1) Whether the common question of fact or law is predominating and significant to the litigation.

(2) The convenience of the parties, witnesses, and counsel.

(3) Whether coordination will result in unreasonable delay or expense to a party or otherwise prejudice a party in an action which would be subject to coordination.

(4) The efficient utilization of judicial facilities and personnel and a just and efficient conduct of the actions.

(5) The disadvantages of duplicative and inconsistent rulings, orders or judgments.

(6) The likelihood of the settlement of the actions without further litigation should coordination be denied.

The considerations enumerated as two through six clearly support the transfer of the Lancaster County action to Delaware County and the coordination of such action with the Delaware County actions.

Six of the nine attorneys in the Lancaster County action are from Delaware County or are from Delaware County's neighboring counties, Philadelphia, Montgomery and Chester. There will be little inconvenience caused as the result of the transfer. No unreasonable delay or expense to any party is anticipated from the coordination of these actions. The efficient utilization of judicial facilities and personnel and the just and efficient conduct of the actions will be enhanced by the transfer and coordination. The coordination of actions will prevent duplicative and inconsistent rulings and orders from the courts. Further, it was unlikely that there would be a settlement of the Lancaster County action had coordination been denied.

The main question to be considered is whether there are common questions of fact or law in the Delaware County actions and the Lancaster County action. A review of Lincoln General's amended complaint, specifically paragraphs 22 through 31, 35 through 37, and 39 through 42, indicates the facts that are in dispute in the Lancaster County action are as follows:

(a) Whether the vehicle involved in the accident was leased to the defendant, Liedtka Trucking Inc.

(b) Whether Liedtka Trucking Inc. employed the defendant Paul Donahue at the time of the accident.

(c) Whether Paul Donahue was dispatched by the defendant William Jackson and Bernard Jackson.

(d) Whether or not the defendants Jackson, as dispatchers, are employees of the defendant Liedtka Trucking Inc.

(e) Whether or not Paul Donahue was dispatched on a hauling assignment on December 13, 1989 by the defendants Jackson on behalf of Liedtka Trucking Inc.

(f) Whether the steps of the hauling assignment are accurately set forth in paragraph 30 of the amended Lancaster County complaint.

(g) Whether Paul Donahue was enroute home after the hauling assignment.

(h) Whether or not the Liedtka Trucking vehicle was hired or borrowed at the time of the accident.

(i) Whether or not the defendants Jackson were employees acting in the scope of their employment for Liedtka Trucking Inc. at the time of the alleged dispatch.

(j) Whether Paul Donahue was acting as an agent for Liedtka Trucking Inc. and acting within the course and scope of his employment at the time of the accident.

The above factual questions, which would predominate the Lancaster County action, are questions involved in the Delaware County action. Further, all of the actions arise out of the same occurrence: the automobile accident of December 15, 1989. Rule 213.1 specifically permits a motion to be filed when actions in different counties arise from the same transaction or occurrence. The coordination and transfer of the Lancaster County action to and with the Delaware County actions, meet all of the considerations for transfer provided in the rule governing the coordination of actions in different counties. It has been noted by our Superior Court that it is not an abuse of discretion for a common pleas court to order the transfer and coordination of an action where the record provides a sufficient basis to justify such a transfer. See, *Richardson Brands v. Pennsylvania Dutch,* 405 Pa. Super. 202, 592 A.2d 77 (1991).

Lincoln General, in opposing the transfer of the action from Lancaster County to Delaware County, noted that the Lancaster County Court had previously denied a motion to change venue on the basis of the doctrine of forum non conveniens. A motion for change of venue on the basis of that doctrine is quite different than a motion to transfer and coordinate actions pursuant to Pa.R.C.P. 213.1. A motion to change venue on the basis of forum non conveniens is concerned with the convenience of the parties and is in regard to one pending action. A 213.1 motion is concerned with a number of factors, as previously stated, and is in regard to two or more pending actions.

For all of the foregoing reasons, this court entered its order dated December 18, 1991, transferring Lincoln General's declaratory action in Lancaster

326

County to Delaware County and directing coordination of that action with the Delaware County actions.